Matter of Cayuga Nation v John (2025 NY Slip Op 03421)

Matter of Cayuga Nation v John

2025 NY Slip Op 03421

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, AND NOWAK, JJ.

224 CA 23-02147

[*1]IN THE MATTER OF CAYUGA NATION, PETITIONER-APPELLANT,
v
WARREN JOHN, RESPONDENT-RESPONDENT. 

BARLCAY DAMON LLP, SYRACUSE (MICHAEL E. NICHOLSON OF COUNSEL), FOR PETITIONER-APPELLANT. 
JOSEPH J. HEATH, SYRACUSE, AND LAW OFFICES OF MICHAEL D. SLIGER, NEW YORK CITY, FOR RESPONDENT-RESPONDENT.

 Appeal from an order of the Supreme Court, Seneca County (Barry L. Porsch, A.J.), entered November 30, 2023. The order granted the motion of respondent to vacate a default judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner appeals from an order that granted respondent's motion to vacate a default judgment entered by Supreme Court (Odorisi, J.) which domesticated a judgment of the Cayuga Nation Civil Court (Nation Court) against respondent.
We affirm. Contrary to petitioner's contention, no appeal lies from the judgment entered upon default (see CPLR 5511; see generally Estate of Essig v Essig, 227 AD3d 1379, 1380 [4th Dept 2024]), and thus respondent's proper remedy was to move in Supreme Court to vacate the default judgment (see Britt v Buffalo Mun. Hous. Auth., 109 AD3d 1195, 1196 [4th Dept 2013]).
Petitioner further contends that the court (Porsch, A.J.) erred in vacating the default judgment because the grounds for vacatur enumerated in CPLR 5015 (a) (5) are not applicable here. We reject that contention. CPLR 5015 (a) (5) allows a court to vacate a judgment or order "upon the ground of . . . reversal, modification or vacatur of a prior judgment or order upon which it is based." Petitioner is correct that respondent moved to vacate the default judgment pursuant to CPLR 5015 (a) (5) and that the relief here was not granted upon the ground of reversal, modification or vacatur of a prior judgment or order. Nevertheless, "section 5015 (a) does not provide an exhaustive list as to when a default judgment may be vacated," and courts have "inherent discretionary power [to vacate default judgments] in situations that warrant[ ] vacatur but which the drafters [of CPLR 5015 (a)] could not easily forsee" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]). Thus, "in addition to the grounds set forth in section 5015 (a), a court may vacate its own judgment for sufficient reason and in the interests of substantial justice," which "will be reviewed on appeal for an abuse of discretion" (id.; see generally Wilczak v City of Niagara Falls, 174 AD3d 1446, 1449 [4th Dept 2019]). In our view, the court did not abuse its discretion in vacating the default judgment.
Petitioner contends that the court erred in determining that the Nation Court judgment is not enforceable in New York and that the court therefore abused its discretion in vacating the default judgment on that ground. We reject that contention. "A party seeking recognition of a foreign country judgment has the burden of establishing that [CPLR article 53] applies to the foreign country judgment" (CPLR 5302 [c]; see Matter of Cayuga Nation v Parker, 229 AD3d 1066, 1068 [4th Dept 2024]). The provisions of CPLR article 53 apply to a foreign country judgment to the extent that such judgment is "final, conclusive and enforceable" under the law of [*2]the foreign country where it was rendered (CPLR 5302 [a] [2]), and is not, inter alia, "a fine or penalty" (CPLR 5302 [b] [2]; see Parker, 229 AD3d at 1068).
Here, the record on appeal does not establish that CPLR article 53 applies to the Nation Court judgment. Although petitioner contends that the Nation Court judgment awarded monetary damages for unpaid rent, the petition seeking to domesticate the Nation Court judgment does not include such an allegation, and the Nation Court order upon which the Nation Court judgment is based provides that the judgment "represent[s] the reasonable value of Respondent's continued occupation of the Premises." Further, the petition in the underlying Nation Court proceeding is not included in the record on appeal, nor is there any lease provision between petitioner and respondent or any attorney affidavit in support of the petition in the Nation Court proceeding. Thus, the record does not establish that the Nation Court judgment was not imposed as a fine based upon the continued occupation of the premises (see Parker, 229 AD3d at 1068-1069). Inasmuch as the evidence in the record does not establish that the Nation Court judgment was not "a fine or penalty" (CPLR 5302 [b] [2]), the record does not establish that article 53 applies to the Nation Court judgment (see CPLR 5302 [c]), and there is no abuse of discretion in vacating the default judgment on that ground in the interests of substantial justice (see generally Woodson, 100 NY2d at 68).
We have reviewed petitioner's remaining contentions and conclude that none warrants modification or reversal of the order.
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court